**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| GARRET PLESSINGER and<br>JORDAN PLESSINGER,<br><br>   Plaintiffs,<br><br>vs.<br><br>PURE SAFETY GROUP, INC.<br>GUARDIAN FALL PROTECTION,<br><br>   Defendants. | CASE NO. 1:21-cv-02833<br><br>STATE COURT CAUSE NO.:<br>49D03-2110-CT-033878 |

**NOTICE OF REMOVAL**

COMES NOW Counsel, Renee J. Mortimer of Lewis Brisbois Bisgaard & Smith LLP, on behalf of Defendant, Pure Safety Group, Inc. d/b/a Guardian Fall ("Guardian Fall Protection" was improperly identified in Plaintiffs' Complaint as an individual Defendant and under the incorrect name, and is a non-entity incapable of being sued) (hereinafter "Defendant"), and hereby files this Notice of Removal pursuant to 28 U.S.C.S. §1446, and invokes this Court's jurisdiction under the provisions of 28 U.S.C.S. §1332 and 28 U.S.C.S. §1441(b). In support of said removal, the Defendant states as follows:

   1.  On or about October 8, 2021, the Plaintiffs filed their *Complaint* in the Marion County (Indiana) Superior Court, in which the Plaintiffs assert a personal-injury claim resulting from a work-related accident involving Garret Plessinger on or about July 17, 2021. Specifically, the Plaintiffs claim that a part designed and manufactured by the Defendant failed, causing Plaintiff Garret Plessinger to fall several feet to the concrete floor beneath him. *See Exhibit A*, Plaintiffs' Complaint ¶ 5. The Plaintiffs' alleged cause of action described in those papers sounds in product liability, and is styled *Garret Plessinger and Jordan Plessinger v. Pure Safety Group, Inc. [and]*

*Guardian Fall Protection*, Cause No. 49D03-2110-CT-033878. *See Generally, Exhibit B*, State Court Record.

2. On October 15, 2021, Defendant, Pure Safety Group, Inc. d/b/a Guardian Fall was served with a copy of the Summons and Plaintiffs' Complaint. *See Generally, Exhibit B*.

3. 28 U.S.C.S. §1446(b) provides that a notice of removal may be filed within thirty (30) days after receipt by the Defendant of the initial pleading. The lawsuit was commenced on October 8, 2021 and served upon Defendant on October 15, 2021. As such, Defendant's Notice of Removal is timely filed under 28 U.S.C.S. §1446(b), as the time by which removal must be effectuated is November 14, 2021, and the Notice of Removal has been filed in advance of that date.

4. The Plaintiffs, Garrett and Jordan Plessinger, are domiciled in, and citizens of, the State of Indiana. The Plaintiffs assert in their Complaint that at all relevant times herein, they were "residents of the City of Bainbridge, Putnam County, Indiana."

5. Under 28 U.S.C.S. §1332(c), a corporation is deemed a "citizen" for §1332 purposes only where it is incorporated and where its principal place of business is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

6. Defendant, Pure Safety Group, Inc. d/b/a Guardian Fall, is and at the time the Complaint was filed was, a Delaware Corporation with its principal place of business located at 607 E. Sam Houston Parkway S., Ste. 800, Pasadena, TX 77503. "Guardian Fall Protection" is a non-entity, and is therefore not incorporated in any state, does not have a principal place of business, and is incapable of being sued.

7. Since the Plaintiffs and Defendant are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. §1332(a).

8. Plaintiffs claim that as a result of the alleged incident, Plaintiff, Garret Plessinger, sustained injuries and fractures to various parts of his body, including a fractured hip. Plaintiffs claim that Plaintiff, Jordan Plessinger, suffered loss of consortium. In their Complaint, the Plaintiffs allege that, *inter alia*, "[a]s a result of the Defendant, Pure Safety Group, Inc. and Guardian Fall Protection's dangerous, defective design of its 'Beamer' and its failure to warn, Garret Plessinger suffered severe and permanent injuries, has incurred hospital, medical and prescription expenses, wage loss, has suffered physical and emotional pain and has missed opportunities to enjoy life; and will continue to incur such losses and damages."

9. Thus, the amount in controversy meets the federal requirement for removal. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 450198 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

10. This Court therefore possesses original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C.S. §1441 and §1446 because there is complete diversity of citizenship between the parties, and the Defendant reasonably believes that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

11. Pursuant to 28 U.S.C.S. § 1446 (d), the Defendant has given written notice of this removal to all parties in the State Court Action, and has filed a copy of this Notice of Removal with the clerk of the Marion County Superior Court.

12. Pursuant to 28 U.S.C.S. §1446(a) and S.D. Ind. Local Rule 81-2, the Defendant attaches to this Notice of Removal a copy of all pleadings, papers, and other orders served upon them in the State Court Action to date. *See, Exhibit B.*

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Renee J. Mortimer
Renee J. Mortimer (20724-45)
2211 Main Street, Suite 3-2A
Highland, IN 46322
T:219-440-0604/F: 219.440.0601
Renee.Mortimer@lewisbrisbois.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically this 11th day of November, 2021, via the Court's Electronic Filing System, and that notice of this filing will be provided to all counsel of record via filing of the *Notice of Filing of Notice of Removal* being filed via the state court's Electronic Filing System.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Renee J. Mortimer*
Renee J. Mortimer